UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JEAN ANN TURNER, individually and as the natural parent of MACKENZIE TAYLOR TURNER, deceased, | ) ) ) ) |
| | ) No. 3:14-1747 |
| Plaintiff | ) Magistrate Judge Brown |
| | ) **Jury Demand** |
| v. | ) ) |
| CHRYSLER GROUP LLC, and DOES I-X, | ) ) ) |
| Defendants | ) |

**O R D E R**

Presently pending before the Court is the Plaintiff's motion to compel alternative design information (Docket Entry 41). The matter has been extensively briefed by the parties following an initial discussion during a telephone conference with the parties on October 22, 2015 (Docket Entry 37). A transcript of that discussion was filed as Docket Entry 44.

After reading the response to the motion to compel (Docket Entry 47) and the reply (Docket Entry 49) and the related documents filed therewith, the Magistrate Judge is prepared to rule. The motion to compel will be **GRANTED** in part and **DENIED** in part.

Discovery is controlled by the Federal Rules of Civil Procedure, which were amended effective December 1, 2015. These amendments were the product of lengthy discussions concerning discovery and its alleged excessive costs and abuses. Under amended Rule 1 the parties and the Court are directed to attempt insofar as

possible "to secure the just, speedy, and inexpensive determination of every action and proceeding."

Likewise, under Rule 26 there is now a specific duty for the court and the parties to consider discovery in the light of its "proportional[ity] to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." Unfortunately, while it is easy to state the factors, their application to a specific case is difficult, and the parties and the Court may well have different views on some of the items.

Although the Plaintiffs contend that all of the discovery sought is absolutely vital to their case, their proposed expert, Dr. Renfroe (Docket Entry 49, Ex. 1), did not appear to have any difficulty in reaching conclusions that all of the disputed technology was available and feasible. The Court is also a little puzzled why, given an opportunity to cross-examine the Defendants' expert, the Plaintiffs did not at least make a minimal effort to see what he knew even if it would be at a high level view.

This is a tragic case. The potential damages are very significant, and there is little question that the design of the vehicle is relevant to those claims. The Defendant has substantial assets and, as a practical matter, has the only real access to many of the records. However, the Defendant's access is tempered by the

2

fact that it is a successor in bankruptcy and is not the true originator or decision maker concerning the 2002 van. Many of the records may be difficult to retrieve. The Defendant only bought assets in the bankruptcy case. The Court has read the various cases cited by the parties and found that none of them are definitive.

The Plaintiff seeks all records concerning the lane departure warning system (LDWS). The Court is not persuaded that this is sufficiently relevant to the claims and defenses in the case. While the LDWS was discussed prior to 2002, it appears to have had limited use in Europe where a commercial truck would have a basic devise to track a departure from a white highway divider line. It did not appear to have been used in anything other than highway trucks prior to 2002. The Court simply does not see that there is sufficient relevance to justify the time and expense of searching for this material.

The remaining issues involve the Sprinter van, which was initially sold by DaimlerChrysler, E.G., a separate company from Daimler Chrysler Corporation, which manufactured the 2002 Dodge Ram (AB) wagon which is the subject of this litigation. Nevertheless, after considering the arguments, the Court is persuaded that the Plaintiff is entitled to discovery of such documents as are available to the present Defendant concerning the Sprinter van to include documents that relate to its use of an electronic stability

control (ESC), which is sometimes referred to as electronic stability program (ESP) and to its use of dual rear wheels (DRW)[1].

The Court believes that requiring the Defendant to provide such documents that they have access to concerning the Sprinter van will provide the Plaintiff a reasonable amount of information about the DRW and ESC/ESP programs to meet their needs in the case. The Court will not order the Defendant to search for other ESC/ESP or DRW material that is not related to the Sprinter van.

The Court again notes that the affidavit of Dr. Renfroe dated January 6, 2016 (Docket Entry 49-1) does not appear to be hampered by a lack of the requested information. He goes into considerable detail in relating what is available from the Defendant, other manufacturers, and other studies and reports. The Plaintiff also has the ability to take depositions of other Chrysler employees and their experts' consideration of the feasability of incorporating the various enhancements which were not included on the van in question.

The Court believes that the information concerning the Sprinter van will strike a reasonable balance of the various factors that must be considered under Rule 26.

---

[1] The Court would note that the requests for production (Docket Entry 41-1) are a bit confusing in that they are not in sequence. Requests 31 and 32 are sandwiched between Requests 71 and 73.

It is so **ORDERED**.

/s/   Joe B. Brown
JOE B. BROWN
United States Magistrate Judge